# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41030
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER GUERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, WIENER, and CLEMENT, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Defendant-Appellant Christopher Guerra pled guilty to illegally transporting an undocumented alien within the United States and was sentenced, within the guidelines, to 41 months of imprisonment followed by three years of supervised release. As a special condition of his supervised release, the district court ordered Guerra to participate in mental health and drug treatment programs "as deemed necessary and approved by the probation officer." On appeal, Guerra contends that such language impermissibly delegated to the probation officer the court's responsibility to determine whether he must participate in mental health and drug treatment. Because Guerra did not object to the challenged release conditions, we review them for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

No. 16-41030

The imposition of supervised release conditions and terms "is a core judicial function that may not be delegated." *United States v. Franklin*, 838 F.3d 564, 567-68 (5th Cir. 2016) (internal quotation marks and citations omitted). However, providing appropriate treatment for prisoners with known mental problems is also a core duty of judges. The PSR reflects that Guerra reported a history of mental health treatment for "depression, anxiety, and Post Traumatic Stress Disorder (PTSD)" as well as his past use of alcohol, marijuana, and crack cocaine. The PSR also revealed past diagnoses of PTSD and Antisocial Personality Disorder. *Id.* At sentencing, Guerra's counsel likewise pointed out his "mental health issues." Adopting the PSR, the district court imposed two relevant special conditions on Guerra's supervised release. First, the court "order[ed] that [Guerra] participate in a drug and[/]or alcohol treatment program as deemed necessary and approved by the probation officer." *Id.* Second, the court "impose[d] a mental health condition, which requires [Guerra] to participate in a mental health program as deemed necessary and approved by the probation officer."

Clearly, based on this history and defense counsel's representations to the court, the judge intended that treatment be mandatory and left only the details to the probation officer. Lest there be any doubt, we AFFIRM the sentence as MODIFIED—mental health treatment including substance abuse is imposed, details of treatment to be supervised by the probation office.

**AFFIRMED as Modified.**