# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41062

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES PATRICK LYONS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1143-1

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James Patrick Lyons appeals his jury-trial conviction and within-Guidelines sentence for conspiracy to possess, with intent to distribute, 50 kilograms or more of marijuana; and possession, with intent to distribute, 50 kilograms or more of marijuana, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Concerning his conviction, Lyons contends the district court's admitting evidence at trial of a text message violated Federal Rule of Evidence 404(b). As for his sentence, he maintains a conflict exists

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-41062

between the oral pronouncement of sentence and the written judgment regarding his participation in a residential drug-treatment program (RDAP); and he challenges the court's ordering him to undergo mental-health treatment as a condition of his supervised release.

The admission of Rule 404(b) evidence is reviewed under a heightened abuse-of-discretion standard. *United States v. Olguin*, 643 F.3d 384, 389 (5th Cir. 2011). "Such a review demands that the evidence be strictly relevant to the particular offense charged." *Id.* If we conclude the court abused its discretion in admitting Rule 404(b) evidence, review is for harmless error. *United States v. Kinchen*, 729 F.3d 466, 470–71 (5th Cir. 2013). In determining whether the admission of evidence was harmless, we "view the error in relation to the entire trial[,] . . . determin[ing] whether the inadmissible evidence contributed to the jury's verdict". *United States v. Wells*, 262 F.3d 455, 463 (5th Cir. 2001). The error is not harmful unless "the evidence had a substantial impact on the verdict". *Id.* (internal quotation marks and citation omitted).

The admitted portion of the text message at issue, found on a cellular phone in Lyons' possession, claimed, *inter alia*, Lyons' sister-in-law, "tr[ied] buying dope from [Lyons]". The court did not admit language it determined to be offensive and irrelevant to the charged conduct, and gave the jury a limiting instruction on the admitted language. Lyons maintains on appeal, as he did at trial, that the text message had no probative weight explaining or connecting him to the charged conduct.

The text-message evidence of Lyons' extrinsic act may not require the same state of mind as the charged offense, *see United States v. Gordon*, 780 F.2d 1165, 1173 (5th Cir. 1986), and its admission may have been erroneous. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

No. 16-41062

Assuming *arguendo* that there was error, reversal is not warranted. *See Kinchen*, 729 F.3d at 471.

Evidence presented at trial, at which Lyons testified, included Lyons' inconsistent statements, implausible explanations for events, and the high value of the marijuana, providing strong circumstantial evidence that he knowingly possessed the marijuana. *See United States v. Vasquez*, 677 F.3d 685, 694–95 (5th Cir. 2012) ("circumstantial evidence of guilty knowledge includes, *inter alia*, . . . inconsistent statements"); *United States v. Villareal*, 324 F.3d 319, 325 (5th Cir. 2003) ("[defendant]'s inconsistent statements, false exculpatory statements, and implausible explanations as to how he came to be hauling a vehicle loaded with marihuana, when combined with all the other evidence in the case, are more than sufficient circumstantial evidence of guilty knowledge"); *United States v. Diaz-Carreon*, 915 F.2d 951, 955 (5th Cir. 1990) ("This Court has acknowledged that a 'less-than-credible explanation' for a defendant's actions is 'part of the overall circumstantial evidence from which possession and knowledge may be inferred'".). In the light of this evidence, the admission of the portion of the text message did not have a substantial impact on the jury's verdict. *See Wells*, 262 F.3d at 463. Accordingly, the conviction is affirmed.

At sentencing, the court agreed to recommend that Lyons be allowed to participate in the RDAP, but this recommendation did not appear in the written judgment. If a written entry of judgment conflicts with an oral pronouncement of sentence, the oral pronouncement controls. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015). Accordingly, the judgment is to be amended to conform to the court's oral pronouncement recommending that Lyons participate in the RDAP.

No. 16-41062

Because Lyons did not object at sentencing when the court ordered mental-health treatment as a condition of supervised release, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Lyons must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The imposition of supervised-release conditions and terms "is a core judicial function that cannot be delegated". *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (internal quotation marks omitted). A district court may delegate details of a treatment-related condition to a probation officer, but it may not give "a probation officer authority to decide *whether* a defendant will participate in a treatment program". *Id.* (internal quotation marks omitted) (emphasis in original).

Lyons does not challenge the imposition of the mental-health-treatment condition of supervised release; he challenges the condition only as an impermissible delegation by the court. The record demonstrates Lyons had a problematic upbringing and a history of substance abuse. Based on Lyons' history and his counsel's representations, the court imposed drug and mental-health treatment. The court clearly intended that mental-health treatment be mandatory and left only the details to the probation officer. *See United States v. Guerra*, 856 F.3d 368, 370 (5th Cir. 2017). To remove all doubt, however, mental-health treatment is imposed, and details of the treatment are to be supervised by the probation office.

No. 16-41062

CONVICTION AFFIRMED; as for the challenged portions of the sentence, this matter is REMANDED to district court to amend the judgment consistent with this opinion.