# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20476
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEITH DESHAWN STEPHENS, also known as Nook,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-265-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Keith Deshawn Stephens pleaded guilty without a plea agreement to armed bank robbery and brandishing a firearm in furtherance of a crime of violence. He was sentenced within the advisory guidelines range to 235 months on the bank robbery charge and 84 months on the firearm charge for a total of 319 months of imprisonment with five years of supervised release. As a special condition of his supervised release, the district court ordered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stephens to participate in a mental health program "as deemed necessary and approved by the probation officer." Stephens contends that such language impermissibly delegated to the probation officer the court's responsibility to determine whether he must participate in mental health treatment. Because Stephens did not object to the challenged release condition, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The imposition of supervised release conditions and terms "is a core judicial function that may not be delegated." *United States v. Franklin*, 838 F.3d 564, 567-68 (5th Cir. 2016) (internal quotation marks and citations omitted). However, providing appropriate treatment for prisoners with known mental problems is also a core duty of judges. *United States v. Guerra*, 856 F.3d 368, 369 (5th Cir. 2017). The PSR reflects that Stephens reported a history of mental health treatment for manic depression. The probation officer reported that "Stephens was very vocal about his need to continue mental health treatment while in custody." In reviewing the factors considered before imposing sentence, the district court noted Stephens's "history of mental health issues and drug use." The district court stated the mental-health-treatment special condition as follows: "The defendant is required to participate in a mental health program as deemed necessary and approved by the probation officer. The defendant will incur costs associated with such program based on ability to pay, as determined by the probation officer." This special condition was identically worded in the written final judgment.

Based on this history, Stephens's request, and the district court's mention of his history of mental health issues, it is reasonable to conclude that the judge intended that treatment be mandatory and left only the details to the probation officer. *See Guerra*, 856 F.3d at 370. As in *Guerra*, we AFFIRM

the sentence as MODIFIED to provide that mental health treatment is imposed with details of treatment to be supervised by the probation office.