# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41388
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1134-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael Taylor appeals his jury trial convictions and cumulative 180-month prison sentence for possessing with intent to distribute 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A), and for possessing a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41388

Additionally, he challenges a special condition of supervised release. We affirm, but we modify the special condition of supervised release.

Reviewing for plain error, we reject Taylor's contention that the district court erred when charging the jury. *See* FED. R. CRIM. P. 30(d); FED. R. CRIM. P. 52(b); *Puckett v. United States*, 556 U.S. 129, 136 (2009). Taylor points to no "precedent directly supporting" the contention that the district court lowered the Government's burden of proof for conviction by omitting the phrase *without hesitation* in its instruction about reasonable doubt, using the phrase *heavily in doubt* when remarking on the burden of proof in response to notes from the jury, or doing both these things. *See United States v. Miller*, 406 F.3d 323, 330 (5th Cir. 2005). In no case cited by Taylor was an instruction found to be plainly erroneous because it omitted wording suggesting reasonable doubt was the kind of doubt that would make a person hesitate to act. Nor does Taylor cite any authority holding that a remark in response to a jury question referring to "heavily in doubt" creates error when the instructions repeatedly emphasize the government's heavy burden. At best, Taylor shows only that the question of error may be "subject to reasonable dispute." *Puckett*, 556 U.S. at 135.

We reject also the contention that the written judgment's directive that Taylor participate in an addiction treatment program as instructed and deemed necessary by the probation officer creates ambiguity concerning the scope of the district court's delegation of sentencing authority. We pretermit the question of the standard of review for this claim, *see United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008)*,* as Taylor cannot prevail even under the lenient abuse of discretion standard, *see United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Nothing in the transcript of the sentencing hearing indicates that the district court did not intend to impose a mandatory

special condition concerning a substance addiction treatment program during Taylor's supervised release.  To the contrary, the record shows that the district court recognized Taylor's special needs and the court's "core duty" to consider "appropriate treatment for prisoners."  *United States v. Guerra,* 856 F.3d 368, 369 (5th Cir. 2017).  In sum, we have no reason to believe that the district court did not intend "that treatment be mandatory," with the probation officer to decide the details of Taylor's participation.  *Guerra,* 856 F.3d at 370.  But to dispel any doubt, we MODIFY the sentence to provide that participation in a substance addiction treatment program while Taylor is on supervised release is mandatory, with details of treatment to be supervised by the probation officer.  *See id.*; 28 U.S.C. § 2106.

AFFIRMED as modified.