# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20244

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SAMIER PATRICK CLARK,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-311-1

Before CLEMENT, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

This appeal arises from a district court judgment requiring Samier Patrick Clark to "not subscribe to any computer online service, nor . . . access any Internet service during [his] supervision, unless approved in advance in writing by the United States Probation Officer" as a special condition of supervised release. The sole issue on appeal is whether the district court committed reversible plain error by imposing this requirement. Because there is no error in this requirement absent its most draconian interpretation, we

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20244

AFFIRM the sentence as MODIFIED with instructions that enforcement of the condition be subject to our interpretation contained herein.

I

Clark pleaded guilty without a plea agreement to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2)(B) and (b)(1); one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2)(B) and (b)(1); and one count of possession of child pornography, in violation of 18 U.S.C. §2252(a)(5)(B) and (b)(2). Clark's presentence report noted that his offense involved the use of computer and Internet services for possession, transmission, receipt, or distribution of contraband images. All told, Clark's computer contained 143 images and 68 videos of child pornography.

The district court sentenced Clark to 151 months of imprisonment and ten years of supervised release. The court also imposed several conditions of supervised release. Relevant to this appeal, the court stated in part that "[y]ou shall not subscribe to any computer online service, nor shall you access any Internet service during the length of your supervision, unless approved in advance in writing by the United States Probation Officer." Clark did not object to this condition before the district court.

On appeal, Clark contends that the district court committed reversible error by imposing this condition because the condition is unreasonably restrictive. Specifically, Clark claims that the condition requires him to seek the approval of a probation officer "every single time he must access the Internet for an innocent purpose." He asserts this "imposes a greater deprivation of liberty than is necessary to protect children . . . and deter him from committing sex crimes against children."

No. 18-20244

II

Because Clark did not object to the district court's imposition of the computer and Internet use condition, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

III

A peculiarity in this case is that the government and Clark are substantially in agreement: Clark should not be required to secure permission for each instance of computer use or Internet access, and we should grant some kind of relief to ensure that Clark's probation officer approves categories of innocuous computer usage (e.g., to pay bills or take online classes). The parties only disagree over what form relief should take: Clark would prefer a limited remand, while the government would have us affirm with an instruction that the condition not be interpreted to require approval for each instance of computer use and Internet access.

We recently used the Government's proposed approach in *United States v. Sealed Juvenile*, 781 F.3d 747 (5th Cir. 2015), and *United States v. Melton*, 753 F. App'x 283 (5th Cir. 2018) (per curiam), under similar facts—though subject to a different standard of review. We have also used the same approach in the plain-error context to resolve doubt over how to interpret a different kind of special condition. *See United States v. Guerra*, 856 F.3d 368, 370 (5th Cir. 2017) ("Lest there be any doubt, we AFFIRM the sentence as MODIFIED."). Here too, we prefer the government's approach: The condition is unreasonable "to the extent [it] require[s] the [defendant] to request permission . . . every time he needs to access the Internet." *Sealed Juvenile*, 781 F.3d at 756.

IV

Plain-error review mandates "considerable deference to the district court." *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). The relevant question is "whether the severity of the error's harm demands reversal," and

review must not be treated as a tool to decide "whether the district court's action . . . deserves rebuke." *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) (citation and internal quotation marks omitted). As the Supreme Court has explained, "plain-error review is not a grading system for trial judges." *Henderson v. United States*, 568 U.S. 266, 278 (2013). As such, "appellate-court authority to remedy [an] error" under this test "is strictly circumscribed." *Puckett*, 556 U.S. at 134. Clark's burden is "difficult, as it should be." *Id.* at 135 (quotation omitted).

To show reversible plain error, Clark bears the burden of establishing each prong of a four-prong test. He must show "(1) an error (2) that is clear or obvious, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Nava,* 762 F.3d 451, 452 (5th Cir. 2014) (citations omitted).

District courts have broad discretion to impose special conditions of supervised release. *United States v. Fernandez*, 776 F.3d 344, 346 (5th Cir. 2015) (per curiam). However, their discretion is cabined by 18 U.S.C. § 3583(d), which requires conditions of supervised release to be "reasonably related" to one or more of four factors enumerated in 18 U.S.C. § 3553(a):

> (1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.

*United States v. Weatherton,* 567 F.3d 149, 153 (5th Cir. 2009) (citing 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)). Most importantly for this case, § 3583(d) also instructs that a special condition impose "no greater

deprivation of liberty than is reasonably necessary for the purposes" of the last three factors. 18 U.S.C. § 3583(d)(2).[1]

We have recently reiterated that we will ordinarily "not find plain error when we have not previously addressed an issue." *United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019) (per curiam) (quoting *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009)) (internal quotation marks omitted). But we *have* addressed this very issue. In *Sealed Juvenile* we held that "to the extent [special conditions of supervised release] require [the defendant] to request permission every time he needs to use a computer, or every time he needs to access the Internet, we find them to be unreasonably restrictive." 781 F.3d at 756. We agreed with the defendant in *Sealed Juvenile* that such a condition constituted a much greater deprivation of liberty than reasonably necessary under § 3583(d)(2): "We must recognize that access to computers and the Internet is essential to functioning in today's society. The Internet is the means by which information is gleaned, and a critical aid to one's education and social development." *Id.*

In *Melton* we reiterated our conclusion from *Sealed Juvenile*, stating that "an otherwise permissible condition limiting Internet access can be unreasonably restrictive if given the more austere" interpretation requiring "a separate pre-use approval by [a] probation officer every single time [the defendant] accesses the Internet." 753 F. App'x at 289.

Clark does not contend that the special condition is not reasonably related to the four statutory factors enumerated in §3553(a), nor could he. *See United States v. Paul*, 274 F.3d 155, 169 (5th Cir. 2001) (concluding that a computer ban was reasonably related to a non-production child-pornography

---

[1] Any condition must also be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3).

offense, as well as to the interests in preventing recidivism and protecting the public). Instead, Clark urges us to consider whether the condition satisfies § 3583(d)'s requirement that a condition be narrowly tailored. To the extent that the condition would require Clark to request permission for each instance of computer use, we conclude that it would not.

*Sealed Juvenile* and *Melton* make clear that such a condition is not reasonably related to any of the four factors under § 3553(a). Here, if the district court had intended such an interpretation—which we think unlikely— the error is plain.

We further conclude that such an unreasonable condition, if ever imposed, would affect Clark's substantial rights. In *United States v. Duke*, we recognized "the ubiquity and importance of the Internet to the modern world." 788 F.3d 392, 400 (5th Cir. 2015) (per curiam). We have also observed, along with a number of other circuits, that "computers and the internet have become significant and ordinary components of modern life as we know it." *United States v. Brigham*, 569 F.3d 220, 234 (5th Cir. 2009); *see also United States v. Albertson*, 645 F.3d 191, 200 (3d Cir. 2011) ("[I]n a time where the daily necessities of life and work demand not only internet access but internet fluency, sentencing courts need to select the least restrictive alternative for achieving their sentencing purposes."); *United States v. Love*, 593 F.3d 1, 11– 12 (D.C. Cir. 2010) ("The internet prohibition will, no doubt, substantially affect [the defendant's] day-to-day activities. It will deprive him of the easiest way to pay his bills, check the weather, stay on top of world events, and keep in touch with friends."); *United States v. Holm*, 326 F.3d 872, 878 (7th Cir. 2003) (noting that a ban on all Internet use "renders modern life—in which, for example, the government strongly encourages taxpayers to file their returns electronically, where more and more commerce is conducted on-line, and where vast amounts of government information are communicated via

No. 18-20244

website—exceptionally difficult"). And in *Sealed Juvenile*, we said that "access to computers and the Internet is *essential* to functioning in today's society . . . . [and] critical aid to one's education and social development." 781 F.3d at 756 (emphasis added). Thus, we find that such an austere interpretation of the condition would affect Clark's substantial rights.

Having determined that such as ascetic reading of the condition would, if manifested, satisfy the first three prongs of plain error, we must consider whether we should exercise our discretion to provide a remedy.

"[T]he fourth prong is meant to be applied on a case-specific and fact-intensive basis." *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015) (per curiam) (quoting *United States v. John*, 597 F.3d 263, 286 (5th Cir. 2010)). The Supreme Court has rejected a "*per se* approach to plain-error review." *Puckett*, 556 U.S. at 142 (quoting *United States v. Young*, 470 U.S. 1, 17 n.14 (1985)). Since the government itself urges us to follow the approach found in *Sealed Juvenile* and *Melton*, we choose to utilize our discretion to affirm the district court with instructions that the enforcement of the computer and Internet use condition be subject to the interpretation desired by both parties to this appeal.[2]

V

We think it unlikely the district court intended the unreasonable, but "[l]est there be any doubt," we AFFIRM as MODIFIED. *Guerra*, 856 F.3d. at

---

[2] While it is true that Clark may seek to modify this condition during his supervised release pursuant to 18 U.S.C. § 3583(e)(2), and in *United States v. Medonza-Velasquez*, 847 F.3d 209, 213 (5th Cir. 2017), we declined to exercise our discretion because the condition was modifiable, "the ability of a defendant to modify a special condition is only one factor considered as we determine whether to exercise our discretion." *United States v. Alvarez*, 880 F.3d 236, 242 (5th Cir. 2018) (per curiam). As in *Alvarez*, we choose not to make the possibility of modification controlling because there is nothing in this case to counsel against rectifying any error and because, as discussed, the special condition at issue here implicates essential access to modern life. *Id.* at 241.

No. 18-20244

370. Any enforcement of the condition shall be subject to the interpretation, determinations, and instructions contained in this opinion.