**REVISED September 11, 2019**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50115

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2019

Lyle W. Cayce
Clerk

SEALED APPELLEE,

                            Plaintiff–Appellee,

versus

SEALED APPELLANT,

                            Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before SMITH, WIENER, and ELROD, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Appellant appeals his sentence, challenging two special conditions and the substantive reasonableness of the sentence. We affirm as modified.

I.

Appellant pleaded guilty of conspiring to possess with intent to distribute 500 grams or more of cocaine. The presentence investigation report ("PSR") calculated the total offense level as 31 and Appellant's criminal history category as IV. That criminal history included convictions of sexual assault on a child and attempted sexual assault on a child.[1]

The PSR recommended special conditions of supervised release, including these:

a) The defendant shall participate in a sex offense-specific assessment. The defendant shall pay the costs of the program if financially able.

The defendant is required to register as a Sex Offender. A sex offense-specific assessment is recommended to determine if the defendant is still a danger to the community.

b) The defendant shall participate in a sex offense-specific treatment program and submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure compliance with the requirements of supervision or the treatment program. The defendant shall follow the rules and regulations of the program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc). The defendant shall pay the costs of the program if financially able.

The defendant is required to register as a Sex Offender. Should the sex offense-specific assessment determine the defendant is still a danger to the community, the defendant shall participate in a sex offense-specific treatment program as described in the condition.

The government moved for a three-level downward departure under

---

[1] Appellant sexually assaulted three girls from about January 1, 1990, to January 31, 1995. The last time he sexually assaulted them, the girls were 19, 17, and 15 years old. One stated that Appellant had begun sexually abusing her when she was 6 and told "her that if she told anyone there would be no one to provide for her family." Two of the girls reported that Appellant "would repeatedly put his penis in their vaginas," while the third girl "indicated he put his finger in her vagina."

U.S.S.G. § 5K1.1 based on Appellant's having provided substantial assistance; the government stated that it would not oppose a three-level downward variance in light of Appellant's age and medical conditions. The district court granted the § 5K1.1 motion.

## II.

The district court granted Appellant's objection to a two-point criminal history score increase under § 4A1.1(d) and implicitly granted his request for a three-level downward variance. Based on a total offense level of 25 and a criminal history category of III, the court calculated a guideline range of 70 to 87 months' imprisonment and sentenced Appellant to 72 months' incarceration and 5 years' supervised release.

The court imposed, among others, the following special conditions of supervised release:

> You will be ordered to participate in a sex offense specific assessment. You will be ordered to pay the costs of that program if you are financially capable of doing so. You will be responsible for some, all or none of the costs depending upon circumstances. You will be ordered to register as a sex offender, a sex specific -- sex offense specific assessment is recommended to determine if you are still a danger to the community.

> Additionally, you will be ordered to participate in a sex offense specific treatment program and submit to periodic polygraph testing. You're to follow the rules and regulations of that program.

> I am ordering the probation office to supervise the Defendant's participation in the program as it relates to the provider, location, modality, duration, intensity. And, again, the costs will be income dependent.

Appellant objected to the special condition requiring him to register as a sex offender but did not object to the assessment or treatment conditions. The court overruled the objection.

The written judgment's formulation of the special conditions differed

from that of the oral pronouncement:

> The defendant shall participate in a sex offense-specific assessment. The defendant must pay the costs of the program if financially able.

> The defendant shall participate in a sex offense-specific treatment program and submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure compliance with the requirements of supervision or the treatment program. The defendant shall follow the rules and regulations of the program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of the program if financially able.

> The defendant is required to register as a Sex Offender. A sex-offense specific assessment is recommended to determine if the defendant is still a danger to the community. Should the sex-offense-specific assessment determine that the defendant is still a danger to the community, the defendant shall participate in a sex offense-specific treatment program as described in the condition.

On appeal, Appellant challenges (1) the assessment and treatment conditions and (2) the substantive reasonableness of the sentence. First, he asserts that the district court plainly erred in imposing the contested special conditions because they are not reasonably related to his history and characteristics, they impose a greater deprivation of liberty than is reasonably necessary to advance deterrence, protect the public from him, and advance his correctional needs, and the error affects his substantial rights. He further maintains that the court impermissibly delegated judicial authority by making the treatment condition contingent on whether the assessing therapist deems him a danger to the community. Second, Appellant contends that his sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

## III.

Appellant challenges the treatment condition, which was stated differently in the oral pronouncement and the written judgment. Though the court

stated during the oral pronouncement that Appellant "will be ordered to participate in a sex offense specific treatment program," the written judgment stated both that Appellant "shall participate in a sex offense-specific treatment program" and that he "shall participate in a sex offense-specific treatment program as described in the condition" "[s]hould the [recommended] sex-offense-specific assessment determine that [he] is still a danger to the community."

Appellant contends that the treatment condition "is an impermissible delegation of judicial authority, as the therapist providing the assessment ultimately determines whether [he] is a danger to the community and thus decides whether [he] must participate in a sex offender treatment program." Appellant asserts that the condition is contingent on the results of a sex-offense specific assessment, thereby implicitly averring that the second prong[2] of the condition as stated in the written judgment controls and that the condition is unconstitutional. The government responds that the oral pronouncement and written judgment, read together, "mandate" Appellant's participation in a treatment program, thus implicitly asserting that the first prong[3] of the written judgment treatment condition controls. Before squarely addressing the impermissible-delegation challenge, this court, in order correctly to interpret the proper scope of the condition, must resolve the discrepancy between the treatment condition in the oral pronouncement and in the written judgment.

## A.

"The imposition of a sentence, including the terms and conditions of

---

[2] "Should the [recommended] sex-offense-specific assessment determine that the defendant is still a danger to the community, the defendant shall participate in a sex offense-specific treatment program as described in the condition."

[3] "The defendant shall participate in a sex offense-specific treatment program and submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure compliance with the requirements of supervision or the treatment program."

supervised release, is a core judicial function that cannot be delegated." *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (internal quotation marks and citation omitted). Though "a district court may properly delegate to a probation officer decisions as to the details of a condition of supervised release," it may not delegate "authority to decide *whether* a defendant will participate in a treatment program." *United States v. Lomas*, 643 F. App'x 319, 324 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted). Appellant challenges the treatment condition as an improper delegation of judicial authority. That challenge, however, is intertwined with the discrepancy between the treatment condition in the oral pronouncement and written judgment, an issue we must resolve first.

"In addressing discrepancies between the oral pronouncement and the written judgment, the key determination is whether the discrepancy between the two is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Flores*, 664 F. App'x 395, 398 (5th Cir. 2016) (per curiam) (cleaned up and citation omitted). A conflict exists where "the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement," *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006), or "impos[es] a more burdensome requirement," *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006).[4] "If, however, we determine that the discrepancy between the two is merely an ambiguity, we examine the entire record to determine the sentencing court's intent in imposing the condition." *Flores*, 664 F. App'x at 397–98; *see also United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013) (per curiam).

---

[4] *See also Flores*, 664 F. App'x at 398 (collecting cases where this court found a conflict instead of a "mere ambiguity").

## B.

The discrepancy between the oral pronouncement and the written judgment is an ambiguity, not a conflict. The written judgment does not broaden the restrictions or requirements of the oral pronouncement or impose a more burdensome requirement.[5] Even accepting Appellant's contention that the written judgment renders the treatment condition contingent instead of mandatory, the written judgment would "narrow" the oral pronouncement, not broaden it or impose a more burdensome requirement. Consequently, this court must "examine the entire record to determine the sentencing court's intent in imposing the condition." *Flores*, 664 F. App'x at 398.

A review of that entire record shows that the district court intended to mandate a sex-offense specific assessment and a sex-offense specific treatment program, thereby obviating an inquiry of whether the treatment condition represents an improper delegation of judicial authority. Our decision in *United States v. Guerra*, 856 F.3d 368 (5th Cir. 2017), is instructive. The defendant challenged special conditions ordering him "to participate in mental health and drug treatment programs 'as deemed necessary and approved by the probation officer.'" *Id.* at 369. Based on the defendant's history of mental illness and substance abuse, as well as his counsel's representations at sentencing regard-ing his "mental health issues," the court concluded that "[c]learly . . . the judge intended that treatment be mandatory and left only the details to the probation officer." *Id.* at 369–70. We affirmed the special conditions after modifying them to be mandatory, with the details left to the probation office "[l]est there be any doubt." *Id.* at 370.

Appellant's case is similar, and we adopt the same approach here.

---

[5] *Cf. Flores, id.* (collecting cases in which this court "found a conflict, rather than a mere ambiguity, between the oral pronouncement and the written judgment").

Appellant was convicted of sexual assault on a child and attempted sexual assault on a child. He proffers no evidence that he has ever received sex-offender treatment, and it is uncertain whether he remains a danger to the community.[6] These factors patently support the imposition of special conditions mandating a sex-offense specific assessment and participation in a sex-offender treatment program. Accordingly, we modify the written judgment as follows to remove any doubt regarding the scope of the special conditions and what they require of Appellant, leaving the other special conditions unchanged:

> The defendant is required to register as a Sex Offender. ~~A sex-offense specific assessment is recommended to determine if the defendant is still a danger to the community. Should the sex-offense-specific assessment determine that the defendant is still a danger to the community, the defendant shall participate in a sex-offense-specific treatment program as described in the condition.~~

As modified, this special condition presents no constitutional infirmities. The special conditions together require Appellant to participate in a sex-offense specific assessment and a sex-offense specific treatment program. Therefore, the district court has not impermissibly delegated judicial authority to decide whether Appellant must participate in a treatment program.

## IV.

Turning to the merits, Appellant asserts that the district court plainly erred by imposing the assessment and treatment conditions. He fails to demonstrate error, let alone plain error. The court exercised its wide discretion in

---

[6] Appellant underwent a psychiatric evaluation in 2000 while incarcerated for his sex-offense convictions, but the evaluation is not in the record, and neither party discusses its results.

crafting the special conditions of supervised release, and contrary to Appellant's claims, those conditions satisfy the statutory requirements.

## A.

Appellant failed to object to the assessment and treatment special conditions after the district court had imposed them. This court reviews unpreserved challenges to special conditions for plain error. *United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009). "Relief under the plain-error standard will be difficult to get, as it should be." *United States v. Figueroa-Coello*, 920 F.3d 260, 264 (5th Cir. 2019) (per curiam) (internal quotation marks and citation omitted). "To establish plain error, [an appellant] must show (1) an error; (2) that was clear or obvious; and (3) that affected his substantial rights." *United States v. Reyes-Ochoa*, 861 F.3d 582, 585 (5th Cir. 2017). "This court then has discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Figueroa-Coello*, 920 F.3d at 264. Because a district court may modify special conditions at any time, *see* 18 U.S.C. § 3583(e)(2), "a defendant faces an uphill battle" in demonstrating this last prong, *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015) (per curiam).[7]

"A district court has wide discretion in imposing terms and conditions of supervised release." *United States v. Winding*, 817 F.3d 910, 914 (5th Cir. 2016) (citation omitted). Under 18 U.S.C. § 3583(d), the "court may impose any condition it considers to be appropriate so long as the condition [(1)] is reasonably related to the factors set forth in Section 3553(a)(1), (a)(2)(B)[–](D); [(2)] involves no greater deprivation of liberty than is reasonably necessary for

---

[7] *See also United States v. Fields*, 777 F.3d 799, 806 (5th Cir. 2015) ("[A] modifiable condition . . . works a less significant deprivation of liberty than one which cannot be altered.").

the purposes set forth in those same sections; and [(3)] is consistent with the pertinent policy statements issued by the Sentencing Commission." *Id.* at 914–15 (cleaned up and citation omitted).

A court must state "the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Therefore, it must articulate factual findings that justify the special conditions it imposes. *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014). Nevertheless, this court may affirm where the district court's reasoning can be inferred from the record. *Id.*

## B.

Appellant first urges this court to vacate both special conditions because the district court did not articulate factual findings justifying its imposition of those conditions. To the contrary, the court did so. After expressing concerns about Appellant's "extensive criminal history" detailed in the PSR, the court explained that it had "considered everything about this case, . . . adopted the findings in the [PSR], . . . considered the circumstances of [Appellant] [and] the criminal history in which he presents" and thus was imposing special conditions, including the assessment and treatment conditions. Furthermore, in imposing the special condition requiring Appellant to register as a sex offender, the court expressly stated that "some of [Appellant's] prior convictions and conduct that is outlined in the [PSR] . . . justified" the condition, implying that the court was in fact justifying the sex-offense related special conditions based on Appellant's previous sex-offense convictions.

Even if the district court's reasoning was not fully adequate and did not sufficiently articulate factual findings justifying the special conditions—which we do not hold—this court may affirm special conditions where the reasoning can be inferred from the record. *Id.* That is so here. Given the heinous nature

of Appellant's previous sex-offense convictions, the lack of evidence demonstrating that he had ever received sex-offender treatment, and the uncertainty regarding whether he remains a danger to the community, it is apparent from the record the reasoning underlying the court's imposition of the assessment and treatment conditions.

But even assuming that the district court erred in not setting forth a factual basis justifying the two special conditions—which, as explained above, is not the case—Appellant fails to make the required showing to overcome the plain error standard of review. Under that standard, Appellant must demonstrate that his sentence would have been different had the court given a factual explanation. *See Tang*, 718 F.3d at 483. He does not even attempt to make that showing, devoting no portion of his initial or reply brief to explaining how his sentence would have been different had the court given an adequate factual basis for the assessment and treatment conditions. Therefore, Appellant fails to show plain error on this basis.

### 1.

Appellant maintains that the assessment condition fails to satisfy the statutory requirements because (1) he has not committed a sex offense since 1995, he already underwent a psychiatric evaluation in 2000, and he committed no violations during his pretrial release, and therefore the condition is not reasonably related to at least one of the § 3553(a) factors, and (2) the condition imposes a greater deprivation of liberty than is reasonably necessary to advance deterrence, protect the public from him, and advance his correctional needs. Both contentions are unavailing, so Appellant cannot overcome the strict plain-error standard of review.

First, the assessment condition is reasonably related to at least one of the § 3553(a) factors, namely, "the nature and circumstances of the offense and

the history and characteristics of the defendant." "Because district courts must consider the defendant's history and characteristics, they may take into account a defendant's prior conviction for a sex offense when imposing sex-offender-related special conditions when the underlying conviction is for a non-sexual offense." *Fields*, 777 F.3d at 803 (cleaned up and citation omitted). With this principle guiding its analysis, the court upheld a sex-offender related special condition in circumstances where the defendant's "single, remote sexual offense" "occurred many years before, and the conviction leading to the imposition of the special condition was non-sexual in nature" because the defendant's "prior conviction for sexual assault of a child . . . d[id] bear some relationship to the special condition of limiting access to places frequented by children." *Id.* at 803–04.[8]

Like the defendant in *Fields*, Appellant was convicted of sexual offenses in the past, had not committed further sexual offenses since then, and had the assessment condition imposed after a conviction for a non-sexual offense. Furthermore, the assessment condition does bear some relationship to his prior conviction for sexual assault on a child because it will allow physicians properly to tailor rehabilitating sex-offender treatment to his specific circumstances. Therefore, the assessment condition is reasonably related to the § 3553(a) factor of "the nature and circumstances of the offense and the history and characteristics of the defendant."

Second, the assessment condition is not a greater deprivation of liberty than is reasonably necessary. "The appropriateness of the supervised release condition is a function of the severity of the offense history and the impact of the restriction." *Id.* at 806. The conduct underlying Appellant's sex-offense

---

[8] *See also id.* at 803 n.15 (collecting cases applying similar reasoning).

convictions was heinous and justifies an assessment to determine whether he represents a present danger to the community. The impact of the condition is also not more than is reasonably necessary, especially given the Supreme Court's recognition that "probationers do not enjoy the absolute liberty to which every citizen is entitled," *United States v. Knights*, 534 U.S. 112, 119 (2001) (internal quotation marks and citation omitted), a principle that this court has applied in the supervised release context, *Winding*, 817 F.3d at 916. Furthermore, the condition is modifiable and thus "works a less significant deprivation of liberty than one which cannot be altered." *Fields*, 777 F.3d at 806. The assessment condition is not "too much of a burden on [Appellant's] already reduced liberty interest in light of his prior criminal history," and consequently Appellant's "deprivation of liberty is not more than is necessary." *Winding*, 817 F.3d at 917.

2.

Appellant asserts that the treatment condition also fails to satisfy the statutory requirements because (1) it does not reasonably relate to one of the § 3553(a) factors, (2) it deprives his liberty more than is reasonably necessary to advance deterrence, protect the public from him, and advance his correctional needs, and (3) it is inconsistent with the Sentencing Commission's policy statements. We address and reject each contention in turn.

Appellant first maintains that the treatment condition is not reasonably related to any of the § 3553(a) factors because (1) he has not committed a sex offense since 1995, (2) he did not violate his pretrial conditions of release, (3) his health is poor, and (4) the district court implicitly recognized that the treatment condition may be unnecessary because it recommended an assessment to determine whether Appellant was still a danger to the community. This claim fails for similar reasons as to why it failed in the assessment-

condition context. The court properly considered Appellant's previous sexual offense convictions, despite the age of those convictions and the absence of further sexual offenses, and the treatment condition bears some relationship to those sexual offense convictions because it will enable physicians to implement the necessary rehabilitating care. Thus, the condition is reasonably related to the § 3553(a) factor of "the nature and circumstances of the offense and the history and characteristics of the defendant."

Appellant second contends that the condition deprives him of liberty more than is reasonably necessary because it requires him to (1) comply with all program rules, (2) submit to polygraph testing, and (3) pay for the treatment if able. This claim also fails for similar reasons as to why it failed in the assessment-condition context. This court has previously upheld special conditions mandating sex-offender treatment with similar requirements,[9] treatment reasonably relates to the significant severity of Appellant's offense history that includes convictions for sexual assault on a child and attempted sexual assault on a child, and the impact of the condition would not be unduly burdensome given Appellant's reduced liberty interests and prior criminal history. Thus, the treatment condition is not a greater deprivation of liberty than is reasonably necessary.

Appellant third claims that the treatment condition is inconsistent with the Sentencing Commission's policy statements because (1) "[t]he Commission only recommends sex offender treatment if the instant offense is a sex offense," and (2) "[e]ven in that circumstance, the treatment does not require polygraph testing." *See* U.S.S.G. § 5D1.3(d)(7). But "[a] district court has discretion to craft conditions of supervised release, even if the Guidelines do not recommend

---

[9] *See, e.g.*, *United States v. Cuneo*, 554 F. App'x 313 (5th Cir. 2014) (per curiam); *United States v. Byrd*, 551 F. App'x 726 (5th Cir. 2013) (per curiam).

those conditions." *United States v. Windless*, 719 F.3d 415, 421 (5th Cir. 2013). The guidelines also state that the special conditions that are specifically recommended for certain offenses "may otherwise be appropriate in particular cases." U.S.S.G. § 5D1.3(d). Thus, § 5D1.3(d)(7) does not constrain a district court to impose sex-offender treatment as a special condition only where the underlying conviction is for a sexual offense, nor does it prohibit a court from including mandatory participation in polygraph testing as part of that treatment by the mere fact that polygraph testing is not mentioned in § 5D1.3(d)(7).

Consequently, the treatment condition is consistent with the Sentencing Commission's policy statements. Accordingly, Appellant's claims fail because he cannot demonstrate that the imposition of the assessment and treatment conditions constituted error, let alone plain error.

## V.

Appellant contends that his sentence is "greater than necessary to meet the goals of § 3553(a) and is therefore [substantively] unreasonable" for two reasons. First, the sentence "failed to adequately reflect his personal history and characteristics," ignoring his cooperation with agents immediately after his arrest, his admission of previous drug trafficking activities, and his "honesty essentially doubl[ing] his advisory Guidelines range." Second, the sentence was "greater than necessary to provide adequate deterrence or to protect the public" because it did not account for Appellant's living "a law-abiding life" between the time of his initial arrest and his indictment nor his declining health. Appellant thus asks this court to reweigh the § 3553(a)(2) sentencing factors and reach a different conclusion about the length of his term of imprisonment. Appellant fails to show that the district court erred, plainly or otherwise, in sentencing him to 72 months' imprisonment.

A.

Appellant did not object to the reasonableness of the sentence. We review unpreserved claims regarding the substantive reasonableness of a sentence for plain error. *United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013).

This court's review of substantive reasonableness "is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015) (internal quotation marks and citation omitted). "The fact that we might reasonably conclude that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* (internal quotation marks and citation omitted).

"We presume sentences within or below the calculated guidelines range are reasonable." *Id.* An appellant may rebut that presumption of reasonableness by establishing that the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 558 (citation omitted).

B.

The district court considered the § 3553(a)(2) factors and determined that a sentence of 72 months was sufficient but not greater than necessary, a result well within the court's discretion. The court explained that it had "considered everything about this case, . . . adopted the findings in the [PSR], . . . considered the circumstances of the Defendant, the criminal history in which he presents, [and] the circumstances of the crime" in determining the appropriate sentence. The court reiterated that it had considered Appellant's age, "medical challenges," and "personal circumstances," and further explained

16

"that the sentence reflects the seriousness of the offense, promotes respect for the law, and provides a just punishment for the offense, consistent with the factors set forth in 18 U.S.C. § 3553(a)(2)."

Faced with the district court's measured, reasonable application of the sentencing factors, Appellant merely quibbles with how those factors should have been weighed. Nevertheless, this court must give high deference to the substantive reasonableness of a sentence and presumes that a below-guidelines sentence is reasonable. Appellant's "mere belief that the [sentencing] factors presented for the court's consideration should have been balanced differently is insufficient to disturb th[at] presumption." *United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012).[10] Appellant neither persuasively explains why this court should rebut that presumption nor shows how the court's reasoning was clear or obvious error. Consequently, Appellant does not demonstrate error, plain or otherwise.

The judgment of sentence is AFFIRMED as modified.

---

[10] *See also Gall v. United States*, 552 U.S. 38, 51 (2007).