# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10700
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2020

**Lyle W. Cayce**
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON CORY BOSHEARS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 6:13-CR-066

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

After Brandon Cory Boshears completed his 57-month term of imprisonment for possessing child pornography, he was released to begin his 10-year term of supervision. Shortly thereafter, Boshears violated two conditions of his release when he (1) consumed alcohol on one occasion and (2) had contact with his minor children five times. The district court found that Boshears had committed the violations and imposed additional special

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10700

conditions of release for another 10-year term of supervision, three of which Boshears challenges on appeal.

Boshears first argues that the special condition prohibiting entirely his use of alcohol and other intoxicants, which appears in the written judgment, constitutes a conflict that must be corrected because it was not announced at sentencing.  The Government agrees.  Where there is a conflict between the oral pronouncement of a sentence and the written judgment, the oral pronouncement controls.  *United States v. Torres-Aguilar*, 352 F.3d 934, 935-36 (5th Cir. 2003).  We therefore remand for the limited purpose of allowing the district court to conform the written judgment to the oral pronouncement by removing the blanket prohibition on use of alcohol and other intoxicants. *See* 28 U.S.C. § 2106; *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).

Boshears's next two appellate arguments concern prohibitions on his computer and internet use as well as his contact with minors.  When a defendant fails to object in the district court to the imposition of a special condition, we review for plain error.  *United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014).  To prevail on plain error review, a defendant must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If those factors are established, this court should exercise its discretion to correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Boshears argues that the district court plainly erred when it imposed a special condition prohibiting him from accessing or using "a computer or internet connect device without first getting permission of the Court."  He contends this condition is unreasonably restrictive because it requires him to

No. 19-10700

request permission each and every time he needs to use a computer or access the internet. He requests a remand so that the district court can modify or amend the condition to ensure that "it is not construed or enforced in such a manner that [he] would be required to seek prior approval . . . every single time he must use a computer or access the Internet."

In *United States v. Sealed Juvenile*, 781 F.3d 747, 756-57 (5th Cir. 2015), we considered a similar condition under the abuse of discretion standard. We affirmed the condition as modified by instructing the district court that it was not allowed to construe or enforce the condition "in such a manner that [the defendant] would be required to seek prior written approval every single time he must use a computer or access the Internet." *Id.*; *see also United States v. Guerra*, 856 F.3d 368, 370 (5th Cir. 2017) (using the same approach on plain error review—affirmed as modified—to resolve doubt over how to interpret a special condition providing for mental health and drug treatment).

During the course of this appeal, the district court amended the condition in response to a motion filed by Boshears after he had filed his notice of appeal. Specifically, the district court's October 10, 2019 order authorizes Boshears to "use a computer with an internet connection to search for employment opportunities at Texas Workforce Solutions and elsewhere, enroll in CDL school, and [] work on a personal resume." The order also provides that "Boshears may use his military education benefits to enroll in online small business and accounting courses."

Based on this record, we presently have no reason to doubt that the district court will continue to heed the instruction provided in *United States v. Sealed Juvenile* regarding the proper construction of the previously imposed computer/internet access condition. Indeed, nothing in the condition, as written, prohibits Boshears from requesting approval for other categories of

3

internet usage. Nevertheless, we reiterate that the condition is not be construed or enforced "in such a manner that Boshears is required to seek prior written approval every single time he must use a computer or access the Internet." To the contrary, in both imposing and enforcing such conditions, district courts must carefully balance the need for restriction with the important role that computer and internet access have in today's society.

Lastly, Boshears argues that the district court plainly erred when it imposed a special condition prohibiting him from having contact with minors under the age of eighteen without advance probation officer approval, except that (as amended in June 2019) Boshears is permitted "to visit with and have communication with his children if done with the consent of and supervision of his wife." Boshears contends that this condition is unreasonably restrictive and causes a greater deprivation than necessary because his behavior never involved "sexual offenses or offenses against children" and because the condition prevents him from living with his wife and two minor children.

Boshears has not demonstrated a clear or obvious error. We have routinely upheld restrictive conditions in child pornography cases similar to Boshears's, including cases where the defendants had not sexually assaulted children. *See United States v. Ellis*, 720 F.3d 220, 225-26 (5th Cir. 2013); *United States v. Rodriguez*, 558 F.3d 408, 417–18 (5th Cir. 2009); *United States v. Buchanan*, 485 F.3d 274, 287–88 (5th Cir. 2007); *United States v. Paul*, 274 F.3d 155, 165–67 (5th Cir. 2001). Here, Boshears is allowed contact with minors upon advance approval of the probation officer and, as a result of the June 18, 2019 amendment of the June 7, 2019 judgment, is allowed to visit and communicate with his own children (without advance approval of the probation officer) if done so with the consent and supervision of his wife. Furthermore, assuming Boshears remains in compliance with the conditions of his release,

nothing precludes him from asking, in the future, that the judgment again be modified so as to allow him more time with his children.

As stated herein, the judgment of the district court is AFFIRMED as MODIFIED. We REMAND the case to the district court for the limited purpose of conforming the written judgment to the district court's oral pronouncement.