# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2022

Lyle W. Cayce
Clerk

No. 21-40698

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE RODOLFO TAMAYO OVANDO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-530-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Appellant Jose Rodolfo Tamayo Ovando, sentenced at the bottom of the guidelines to 168 months imprisonment for importation of at least a half kilo of methamphetamine, objects only to the district court's imposition of three drug and alcohol abuse-related conditions of supervised release. We hold that he was sufficiently on notice of the challenged conditions to have

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40698

objected timely in the district court, hence the district court's reference to such conditions was adequate. The district court's judgment is AFFIRMED with respect to the challenged special supervised release conditions and we REMAND for the limited purpose of conforming the written judgment with the oral pronouncement as explained below.

The Presentence Investigation Report (PSR) listed six special conditions of supervised release based on Tamayo Ovando's history of marihuana and alcohol use. Of most pertinence are the prohibitions against possessing a controlled substance without a valid prescription (special condition three), using or possessing alcohol (special condition five), and knowingly purchasing, possessing, distributing, administering, or otherwise using any psychoactive substances (special condition six).[1]

Though it did not expressly adopt the PSR at sentencing, the district court asked Tamayo Ovando whether he reviewed the PSR with his counsel. Tamayo Ovando responded in the affirmative.[2] The probation officer later asked if Tamayo Ovando would be required to attend a drug and alcohol treatment program. Tamayo Ovando's counsel relatedly asked the district court to recommend placement in the Residential Drug Abuse Program (RDAP) if it did impose a treatment program. The district court stated that "the [PSR] provide[d] a sufficient basis for [drug and alcohol treatment] as a term of supervised release[,]" and ordered Tamayo Ovando to "participate in a drug, alcohol treatment as an outpatient."[3] The district court also made

---

[1] The other conditions were all related to substance- and alcohol-abuse.

[2] Tamayo Ovando's counsel separately confirmed that he reviewed the PSR himself.

[3] During an earlier interval at the hearing, the district court separately stated that Tamayo Ovando was "not to commit another federal, state or local crime[,]" that he was "to comply with the standard conditions adopted by the Court[,]" that he was "not to

"the recommendation to the Bureau of Prisons for the RDAP Program." The written judgment included all six of the special conditions listed in the PSR, though it did not specify outpatient substance- and alcohol-abuse treatment. Tamayo Ovando timely appealed, arguing that the district court erred by not orally pronouncing special conditions three, five, and six. He further seeks a limited remand so the district court can correct the written judgment to comply with its recommendation that he be placed in RDAP.

The district court's oral pronouncement of the sentence and conditions of supervised release controls over the subsequent written judgment. *United States v. Diggles*, 957 F.3d 551, 556-57 (5th Cir. 2020) (en banc) (citations omitted), *cert. denied*, 141 S. Ct. 825 (2020). District courts must pronounce any condition of supervised release that does not fall within the mandatory conditions enunciated in 18 U.S.C. § 3583(d). *Id.* at 559. That requirement is satisfied by notifying the defendant at sentencing what conditions are being imposed. *Id.* at 560. The court may orally state the conditions or specifically adopt a list of recommended supervised release conditions from the PSR or some other document. *Id.* at 560–63 & n.5 (citations omitted). It must also ensure that the defendant had a chance to read and review that list with counsel and must orally adopt that list when the defendant is in court and can object. *Id.* at 560-63 & n.5 (citations omitted); *cf. United States v. Martinez*, 15 F.4th 1179, 1181 (5th Cir. 2021).

The district court did not plainly err by imposing the challenged supervised release conditions.[4] The district court's "order[] that [Tamayo

---

possess a firearm, ammunition, destructive device, or any other dangerous weapon[,]" and that he was "to cooperate in providing a DNA sample."

[4] This court reviews Tamayo Ovando's challenges for plain error because he had an opportunity to object to each of them at sentencing and failed to do so. *See United States*

Ovando] participate in a drug, alcohol treatment as an outpatient[] and [its] recommendation . . . for the RDAP Program[]" "is best understood as 'a shorthand reference to the . . . portion of the PSR' in which the [three challenged] special conditions were listed." *Id.* (quoting *United States v. Lozano*, 834 F. App'x 69, 75 (5th Cir. 2020) (*per curiam*)); *see also United States v. Rodriguez*, 838 F. App'x 119, 120 (5th Cir. 2021) (*per curiam*). The district court therefore implicitly adopted the challenged special conditions by reference, and no conflict exists between the oral pronouncement and the written judgment.[5] Any ambiguity between the former and latter is otherwise resolved by the PSR. *See Castaneda*, 2021 WL 5397601, at *2 (citations omitted).

The district court otherwise recommended that Tamayo Ovando be placed in RDAP, while the written judgment did not. Limited remands pursuant to Federal Rule of Criminal Procedure 36 are appropriate to correct such apparent clerical errors. *See United States v. Lyons*, 697 F. App'x 305, 307 (5th Cir. 2017).

Accordingly, the district court's judgment is AFFIRMED with respect to the challenged special supervised release conditions and REMANDED for the limited purpose of conforming the written judgment with the oral pronouncement of RDAP participation.

---

*v. Castaneda*, No. 20-40290, 2021 WL 5397601, at *1 (5th Cir. Nov. 17, 2021) (*per curiam*) (citing *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020)).

[5] Tamayo Ovando urges a contrary determination based on *United States v. De La Cruz*, 819 F. App'x 266, (5th Cir. 2020) (*per curiam*), *cert. denied sub nom. Cruz v. United States*, 142 S. Ct. 122 (2021). But *De La Cruz* is easily distinguishable because 1) the court did not ask the defendant if he reviewed the PSR with his lawyer, 2) the court did not reference the challenged special conditions at sentencing, and 3) the government in *De La Cruz* agreed there was error but admits no such error here. *See id.* at 267.