# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2021

Lyle W. Cayce
Clerk

No. 20-50984
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Martinez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-117-1

Before King, Costa, and Ho, *Circuit Judges*.

Gregg Costa, *Circuit Judge*:

Joshua Martinez pleaded guilty to drug and gun crimes. He filed a notice of appeal, but his attorney later moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). *See also United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Although Martinez did not object to his attorney's view that an appeal would be frivolous, we asked the attorney to address whether a conflict existed between "the oral pronouncement of the conditions of supervised release at sentencing and the written judgment setting forth those conditions." *See United States v. Diggles*, 957 F.3d 551, 556–59 (5th Cir.) (en

No. 20-50984

banc), *cert. denied*, 141 S. Ct. 825 (2020). Counsel filed a supplemental *Anders* brief that addressed that issue and continued to maintain that an appeal was not warranted. Again, Martinez did not object.

We agree with defense counsel that a nonfrivolous basis for appealing the supervised release conditions does not exist. We thus will grant the motion to withdraw.

It is worth explaining why the pronouncement of supervised release conditions in this case does not present an appealable issue under our recent en banc decision in *Diggles*. Martinez's Presentence Report recommended the "mandatory and standard conditions of supervision" as well as a search condition. At sentencing, the district court confirmed that Martinez had reviewed the Presentence Report and did not object to it. The court then announced that it was adopting the Presentence Report. It also told Martinez that the court was imposing "the standard and mandatory conditions of supervision" as well as the recommended search condition. The written judgment that later issued included the 17 standard conditions listed in the Western District of Texas's Order on Conditions of Probation and Supervised Release. *See also Diggles*, 957 F.3d at 561 & n.6 (noting with approval the longstanding practice in some districts of standing orders that list recommended conditions).

The only conceivable pronouncement problem is that the district court did not cite the district's standing order when it orally imposed the "standard conditions." As defense counsel explains, however, that does not provide a basis for appeal. Because the court told Martinez it was imposing "standard conditions," he had notice and an opportunity to object (or, at a minimum, to ask for more specificity about the conditions). Martinez did not object, so any appeal would be subject to plain error review. *Id.* at 560

(explaining that an opportunity to object "exists when the court notifies the defendant at sentencing that conditions are being imposed").

We have difficulty seeing any error—and certainly not the obvious one necessary to correct forfeited issues, *see id.* at 559 (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009))—in orally imposing "standard conditions" and then including in the judgment the district's usual "standard conditions." There is no notice problem. Even before sentencing, the Presentence Report notified Martinez that "standard conditions" would likely be imposed. The Western District's standing order provided "advance notice" of what those conditions might be. *Id.* at 560. At sentencing, the court twice notified Martinez that it was imposing standard conditions. First, it adopted the PSR, which recommends standard conditions. Second, it announced that it would impose "standard" conditions. Given the longstanding existence of the Western District's standing order, defense counsel certainly knew that the standard conditions being imposed were the ones listed in the standing order and included in the judgment form created by the Administrative Office of the United States Courts. *See United States v. Cabello*, 916 F.3d 543, 546 (5th Cir. 2019) (Elrod, J., concurring) (observing that the four district courts in Texas have issued orders that incorporate the standard conditions listed in the AO's judgment form). Indeed, Martinez's appellate counsel acknowledges this common understanding in seeking to dismissal the appeal.

Martinez thus had in-court notice of the conditions being imposed and ample opportunity to object. As that notice and opportunity to object are the hallmarks of the pronouncement requirement, the district court complied with *Diggles*. *See* 957 F.3d at 560 (holding that the "pronouncement requirement" is satisfied when the sentencing court "gives notice of the sentence and an opportunity to object"). There is no variance between the written judgment and the conditions pronounced at sentencing.

No. 20-50984

Accordingly, counsel's motion for leave to withdraw is GRANTED and the appeal is DISMISSED.  *See* 5TH CIR. R. 42.2.