# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2021

Lyle W. Cayce
Clerk

No. 21-20261

United States of America,

*Plaintiff—Appellee*,

*versus*

Heriberto Garcia-Vargas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-00013-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Heriberto Garcia-Vargas pled guilty to illegal reentry following deportation. The district court sentenced Garcia-Vargas to a Guidelines term of 23 months of imprisonment with a two-year term of supervised release. After filing a notice of appeal, counsel for Garcia-Vargas moved to withdraw, asserting that the appeal presented no legally nonfrivolous issues

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

under *Anders v. California*, 386 U.S. 738 (1967). Garcia-Vargas did not file a response to his attorney's motion by the applicable deadline.

There is only one potentially appealable issue, which is under our precedent in *United States v. Diggles*, 957 F.3d 551 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020). There we held that "a sentencing court must pronounce [supervised release] conditions that are discretionary under 18 U.S.C. § 3583(d)." 957 F.3d at 563. In this case, the district court ordered Garcia-Vargas to "comply with [the] standard conditions that have been adopted by this Court under General Order 2017-1, which was attached to the Presentence Investigation Report in this matter." In fact, the General Order was not attached to the presentence report, potentially calling into question whether the supervised release conditions were validly pronounced.

This issue is resolved by one of our recent decisions. *See United States v. Martinez*, 15 F.4th 1179 (5th Cir. 2021). There, we held that the district court did not err when it imposed what it called the "standard conditions" of the court's standing order on conditions of probation and supervised release, even though the district court did not cite the standing order. *Id.* at 1180–81. The court held that "Martinez . . . had in-court notice of the conditions being imposed and ample opportunity to object." *Id.* at 1181.

Martinez's counsel "certainly knew that the standard conditions being imposed were the ones listed in the standing order," without a citation to the actual order. *See id.* It would have been even clearer to Garcia-Vargas and his counsel which conditions were to be imposed when the standing order was cited in the presentence report.

Counsel's motion for leave to withdraw is GRANTED and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.