# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2022

Lyle W. Cayce
Clerk

No. 20-50922

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronnie Jackson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for Western District of Texas
USDC NO. 6:18-CR-354-1

---

Before Jones, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:\*

Ronnie Jackson appeals various written conditions of his supervised release, contending that the written judgment should be amended to match the orally pronounced judgment. The district court sentenced Jackson in October 2020. We agree in part. We VACATE in part Jackson's sentence and REMAND for amendment of the judgment consistent herewith.

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50922

## BACKGROUND

Ronnie Jackson pleaded guilty to four counts of interference with commerce by robbery and aiding and abetting, as well as one count of brandishing a firearm during a crime of violence. The district court sentenced Jackson within the advisory guidelines range to 46 months of imprisonment for each robbery conviction, to be served concurrently, and 96 consecutive months for the firearm conviction; five years of supervised release; a $500 special assessment; a $5,000 fine; and $1,578 in restitution. Jackson timely appealed.

At sentencing, the district court orally noted several special conditions of supervised release tailored to Jackson's case, but the court failed to pronounce or reference a number of additional conditions that the written judgment contained. Jackson did not object to the conditions at that time.

On appeal, Jackson challenges only the enforceability of the judgment of unpronounced conditions of supervised release. The parties initially dispute our standard of review.

## DISCUSSION

Pursuant to a defendant's due process right to be present at sentencing, the district court's oral pronouncement of the sentence controls over the subsequent written judgment, including with respect to conditions of supervised release. *United States v. Diggles*, 957 F.3d 551, 556–57 (5th Cir. 2020) (en banc) (citations omitted), *cert. denied*, 141 S. Ct. 825 (2020). In *Diggles*, the en banc court abandoned the "byzantine distinctions" between standard, mandatory, and special conditions of supervised release, *id.* at 559, and "established a new framework for determining which conditions of supervised release require oral pronouncement and what counts as notice to the defendant." *United States v. Gomez*, 960 F.3d 173, 179 (5th Cir. 2020)

2

(citation omitted); see also *Diggles*, 957 F.3d at 563 (summarizing the clarification of the law governing supervised release conditions).

Under the new framework, a district court must pronounce any condition of supervised release that does not fall within the mandatory conditions enunciated in 18 U.S.C. § 3583(d). *Diggles*, 957 F.3d at 559. A district court satisfies the pronouncement requirement by notifying the defendant at sentencing what conditions are being imposed. *Id.* at 560. The court may orally state the conditions or specifically adopt a list of recommended supervised release conditions from a court-wide or judge-specific standing order, the Presentence Investigation Report (PSR), or some other document. *Id.* at 560–63 & n.5 (citations omitted). However, "the mere existence of such a document is not enough for pronouncement." *Id.* at 561 n.5. The district court must ensure that the defendant had a chance to read and review that list with counsel and must orally adopt that list when the defendant is in court and can object. *Id.* at 560–63 & n.5 (citations omitted). "The pronouncement requirement is not a meaningless formality." *Id.* at 560. It provides the defendant notice of the sentence and a chance to object. *Id.*

This court recently applied *Diggles*, holding that if the defendant objects to a condition of supervised release for the first time on appeal, "the standard of review depends on whether he had an opportunity to object before the district court." *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020) (citation omitted). "If he had that chance but failed to do so, [this court] review[s] for plain error. If he did not have the opportunity, [this court] review[s] for abuse of discretion." *Id.* (internal citations omitted).

No. 20-50922

In the instant case, the district court did not orally pronounce "mandatory"[1] conditions 1 through 9 or "standard conditions" 1 through 17 as denominated in the written judgment.  The court did, however articulate several special conditions that had been recommended in the PSR.  While the court failed to orally adopt the PSR, the PSR's generic reference simply stated, "[i]n addition to the mandatory and standard conditions of supervision adopted by the [district c]ourt," several other special conditions might be appropriate in this case.  The PSR neither listed the mandatory and standard conditions adopted by the district court, nor expressly referred to the standing order of the Western District of Texas[2], nor included the standing order in an attachment or appendix.  Finally, the district court did not ask Jackson whether he had reviewed the PSR with his counsel, nor did it refer to the standing order or the mandatory and standard conditions or ask Jackson and his counsel whether they had reviewed the standing order. *Compare United States v. Martinez*, 15 F.4th 1179, 1180–81 (5th Cir. 2021) (citations omitted) (holding that if a PSR gives notice that standard conditions are recommended, and the district court pronounces that it is imposing the standard conditions, the pronouncement requirement is fulfilled where a standing order governs the district's standard supervised release conditions).

Under these circumstances, the district court did not adequately notify Jackson that the conditions listed in the standing order were being

---

[1] These terms derive from the judgment below and are not to be confused with the terminology described by *Diggles*.  That is, these terms in the judgment, other than those required by § 3583(d), would be considered "discretionary" according to *Diggles*.  These conditions are also different from the special conditions that the court did articulate when pronouncing Jackson's sentence.

[2] United States District Court for the Western District of Texas, *Conditions of Probation and Supervised Release*, https://bit.ly/3ouyWtb (last visited Dec. 1, 2021).

4

imposed, and Jackson had no opportunity to object to those conditions. *See Diggles*, 957 F.3d at 560–61 & n.5. Consequently, we must review the challenge to the conditions for an abuse of discretion. *See Grogan*, 977 F.3d at 352 (citations omitted). An abuse of discretion occurs if the court makes an error of law. *In re Deepwater Horizon*, 785 F.3d 986, 999 (5th Cir. 2015) (citation omitted).

If the district court fails to mention at sentencing a condition of supervised release that must be pronounced, its inclusion in the written judgment can create a conflict. *United States v. Vega*, 332 F.3d 849, 852–53 (5th Cir. 2003) (*per curiam*) (citation omitted). In the event of a conflict, which constitutes legal error, the oral pronouncement controls, and the written judgment must be amended to conform with the oral pronouncement. *Id*.; *Diggles*, 957 F.3d at 557–58. When conditions identified in the written judgment conflict with the sentence as orally pronounced, those conditions must be deleted from the judgment. *See United States v. Fields*, 977 F.3d 358, 366–67 (5th Cir. 2020) (citations omitted) (vacating in part and remanding for amendment of written judgment to remove unpronounced special condition requiring mental health treatment).

Here, because the first seven mandatory conditions of supervised release parallel requirements set out in 18 U.S.C. § 3583(d), pronouncement was not required. We consider the remaining mandatory and standard conditions in three categories. But it is necessary to emphasize, as this court has done in *United States v. Chavez*, that "in certain circumstances the district court may later modify and enlarge the conditions of supervised release." No. 20-50550, slip op. (5th Cir. Mar. __, 2022) (citing 18 U.S.C. § 3583(e); Fed. R. Crim. P. 32.1(c)). Such an option should preserve the court's ability to effectuate the purposes of supervised release according to the Western District's standing order.

## I. Conditions related to Jackson's finances

The district court orally ordered Jackson to pay a $500 special assessment, a $5,000 fine, and $1,578 in restitution. The written judgment included several conditions that were also related to Jackson's finances, including mandatory conditions 8 and 9 and standard conditions 14, 15, and 16.

Mandatory condition 8 required Jackson to pay the special assessment imposed under 18 U.S.C. § 3013. This provision was consistent with the judgment imposing a special assessment, the statute which made the special assessment mandatory, and the district court's intent that Jackson be required to pay the special assessment as required by statute. Therefore, this condition was consistent with the district court's oral pronouncement.

Standard condition 14 provided that if the judgment imposed other criminal monetary penalties, Jackson must pay such penalties in accord with the schedule of payments in the judgment. This provision is consistent with the statutory requirement that a defendant must pay restitution imposed by the district court. *See* 18 U.S.C. § 3583(d). It is also consistent with the oral pronouncement.

Standard conditions 15 and 16 provide that, if the judgment imposes any monetary penalties, Jackson must provide the probation officer access to any requested financial information, and he may not incur any new credit charges or open additional lines of credit without the approval of his probation officer unless he is in compliance with the payment schedule. As the government correctly notes, these conditions are substantially similar to the special conditions that were pronounced by the district court at the sentencing hearing. Accordingly, they do not conflict with the district court's oral pronouncement.

No. 20-50922

Mandatory condition 9 requires Jackson to notify the court of any material change in his economic circumstances that might affect his ability to pay restitution, fines, or special assessments. Although this condition is somewhat consistent with the district court's oral pronouncement of monetary penalties, its additional obligation to notify the court of changes in Jackson's economic circumstances is more burdensome, and thus conflicts with the district court's oral pronouncement of the sentence.

## II. Condition regarding illegal activity

Standard condition 10 provides that Jackson "shall not own, possess or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)." This condition is partially consistent with the statutorily required condition that the defendant shall not commit another federal, state, or local offense. 18 U.S.C. § 3583(d). Federal law prohibits persons who have been convicted of a felony from possessing firearms, ammunition, and destructive device. See 18 U.S.C. § 922(g)(1); *see also* 18 U.S.C. § 921(a)(3) (defining firearm to include "any destructive device"). However, to the extent this condition broadens the statutory restriction by prohibiting the possession of other dangerous weapons, it conflicts with the district court's oral pronouncement and must be stricken in part.

## III.   Conditions concerning the defendant's obligations during supervision

Standard conditions 1 to 9, 11 to 13, and 17 all concern Jackson's general obligations during supervised release and were not orally pronounced at sentencing. Although they are included in the Western District's standing order, the district court did not refer to or orally adopt the standing order at sentencing. Taken together, these unpronounced, unincorporated, and un-

No. 20-50922

referenced conditions found only in Jackson's written judgment, although critical to effectuating the purposes of supervised release, are required to be excised according to our existing precedent.

## CONCLUSION

Mandatory condition 9 and standard conditions 1 to 9, 11 to 13, and 17 conflict with the oral pronouncement and should be excised from the written judgment. Standard condition 10 must be excised in part from the written judgment. For the foregoing reasons, we VACATE in part Jackson's sentence and REMAND for the district court to amend its written judgment in accordance herewith.