# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2022

Lyle W. Cayce
Clerk

No. 20-10446
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAYMUNDO FRAUSTO-OLMOS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-346-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Raymundo Frausto-Olmos pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced him to 60 months of imprisonment and imposed a three-year term of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10446

Frausto-Olmos argues on appeal that the district court erred in imposing a term of supervised release on a deportable alien without stated reasons to justify a term of supervised release. Because he did not raise this issue before the district court, review is for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012).

Under U.S.S.G. § 5D1.1(c), a "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." The district court did not refer to § 5D1.1(c) at sentencing, but its implicit consideration of the guideline is indicated by its adoption of the presentence report (PSR), which advised of the hortatory language of § 5D1.1(c). *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013). Moreover, it may be inferred from the sentencing proceedings that the district court was concerned with the sentencing factors of deterrence and protecting the public given its reference to paragraph 81 of the PSR, which summarized the factors warranting an upward departure, including Frausto-Olmos's lengthy criminal history and the fact that the instant offense was his fourth illegal reentry prosecution. Finally, in its written statement of reasons, the district court explained that it "imposed a term of supervised release because it will provide an added measure of deterrence and protection." Thus, Frausto-Olmos cannot show that the district court's imposition of supervised release constituted reversible plain error. *See Dominguez-Alvarado*, 695 F.3d at 330.

Frausto-Olmos further argues that the court failed to properly pronounce the standard conditions of supervised release, depriving him of notice and an opportunity to object. As the Government notes, he does not claim that he was not informed of the supervision conditions prior to his sentencing hearing. *See United States v. Garcia*, 983 F.3d 820, 825 (5th Cir. 2020).

No. 20-10446

At sentencing, the district court ordered that if Frausto-Olmos was not deported or removed, he was to comply with "the standard conditions recommended by the . . . Sentencing Commission." Additionally, the court provided Frausto-Olmos with a document titled "Order Setting Additional Terms of Supervised Release." That order advised that the court intended to impose "the standard conditions recommended by the [United States] Sentencing Commission" as well as six additional conditions, which the court pronounced at sentencing. Frausto-Olmos signed the court's order, and it was filed on the date of his sentencing hearing, but it is unclear from the record whether the order was executed before or after the sentencing hearing. Although oral adoption of the order at sentencing would have sufficed to satisfy the oral pronouncement requirement, the district court did not do so. *See United States v. Diggles*, 957 F.3d 551, 561 n.5 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020).

Under similar circumstances, however, this court has determined that the district court complied with *Diggles* and had not committed any error, let alone plain error, in its pronouncement of the standard conditions of supervised release. *See United States v. Martinez*, 15 F.4th 1179, 1180-81 (5th Cir. 2021). In *Martinez*, the sentencing judge failed to cite the district's standing order when he orally imposed the standard conditions, but this court concluded that there was no pronouncement problem "[b]ecause the court told [the defendant] it was imposing 'standard conditions.'" *Id*. at 1181. As such, the defendant "had notice and an opportunity to object (or, at a minimum, to ask for more specificity about the conditions)." *Id*.

Here, the district court's shorthand reference to standard conditions at sentencing was sufficient to give Frausto-Olmos notice and an opportunity to object. *See id*. "As that notice and opportunity to object are the hallmarks of the pronouncement requirement, the district court complied with *Diggles*," and there was no error plain or otherwise. *Id*.

The judgment of the district court is AFFIRMED.

3