# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2022

Lyle W. Cayce
Clerk

No. 20-51039
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LANA K. CROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-cr-126-5

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Lana K. Crown pleaded guilty to a drug crime. She timely appealed. Her attorney moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). *See also United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Our court denied that motion, holding the case involved one nonfrivolous issue:

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-51039

"whether the conditions of supervised release identified in the written judgment as 'Mandatory Conditions' and 'Standard Conditions' constitute discretionary conditions that the district court did not orally pronounce at sentencing." *United States v. Crown*, No. 20-51039 (July 23, 2021) (citing *United States v. Diggles*, 957 F.3d 551, 556–63 (5th Cir. 2020) (en banc)). The parties have now briefed that issue.

In the interim, our court has determined that failing to pronounce standard conditions that are contained in a district's standing order is not error. *See United States v. Martinez*, 15 F.4th 1179, 1180–81 (5th Cir. 2021). Crown contests four conditions, but she does not contest that each of those conditions is contained in a Western District of Texas standing order.

Accordingly, the judgment of the district court is AFFIRMED.