# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2022

Lyle W. Cayce
Clerk

No. 21-50123
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JASON MINJAREZ GALINDO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-174-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Jason Minjarez Galindo pleaded guilty to possession with intent to distribute five grams or more of actual methamphetamine. Prior to his rearraignment, the Government filed a 21 U.S.C. § 851 notice of sentencing enhancement, which asserted that Minjarez Galindo was subject to an

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50123

increased statutory sentencing range of 10 years to life due to two prior serious drug felony convictions. Minjarez Galindo ultimately received a within-guidelines sentence of 327 months of imprisonment followed by eight years of supervised release. On appeal, Minjarez Galindo raises two sentencing issues.

First, Minjarez Galindo argues that 4 of the 17 "standard" conditions of supervised release listed in the written judgment were not orally pronounced. Any discretionary condition of supervised release not required by 18 U.S.C. § 3583(d) must be pronounced at sentencing. *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). A district court may satisfy the pronouncement requirement through the in-court adoption of a list of recommended supervised release conditions contained in the defendant's presentence report or in a court-wide standing order. *Id.* at 560-63. We conclude that the district court's oral imposition of the "standard and mandatory conditions of supervision" gave Minjarez Galindo notice and an opportunity to object to these conditions. *See United States v. Martinez*, 15 F.4th 1179, 1180-81 (5th Cir. 2021). In addition, the standing order of the Western District of Texas, which lists the conditions challenged on appeal, provided Minjarez Galindo and his counsel with "'advance notice' of what those conditions might be." *Id.* at 1181; *see also United States v. Vargas*, 23 F.4th 526, 528 (5th Cir. 2022). Therefore, we conclude that these conditions were adequately pronounced.

Second, Minjarez Galindo argues that one of the prior convictions listed in the § 851 notice of sentencing enhancement does not qualify as a "serious drug felony" because it did not have a maximum term of imprisonment of 10 years or more. A "serious drug felony" is defined as "an offense described in [18 U.S.C. § 924(e)(2)] for which" the offender (1) "served a term of imprisonment of more than 12 months" and (2) was released from any term of imprisonment "within 15 years of the

commencement of the instant offense." 21 U.S.C. § 802(57). Section 924(e)(2) defines a "serious drug offense" to include "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(i). The § 851 notice of enhancement listed two qualifying prior convictions, but Minjarez Galindo challenges only one of them in his appellate brief. By failing to brief a challenge to the second conviction, he has waived that issue. *See Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020). An enhanced sentence under 21 U.S.C. § 841(b)(1)(B) requires only one prior offense that qualifies as a serious drug offense. *See* § 841(b)(1)(B). Thus, even if Minjarez Galindo's appellate challenge to the one conviction had merit, his remaining unchallenged conviction would be sufficient to support an enhanced sentence.

Accordingly, the district court's judgment is AFFIRMED. However, we note that the record reflects a clerical error in the judgment. Minjarez Galindo was charged and convicted under § 841(a)(1) and § 841(b)(1)(B), but the written judgment states that he was convicted under § 841(a)(1) and "21 U.S.C. § 841(b)(1)(A)." Therefore, we REMAND for correction of the written judgment. *See* Fed. R. Crim. P. 36.