# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2022

Lyle W. Cayce
Clerk

No. 19-50924

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CRAIG ALLEN TIMPSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-260-3

Before STEWART, DENNIS, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Craig Allen Timpson appeals certain written conditions of his supervised release, arguing that the written judgment should be amended to match the orally pronounced judgment. *See United States v. Diggles*, 957 F.3d 551, 556–57 (5th Cir. 2020) (en banc). For the

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

following reasons, we AFFIRM in part and VACATE and REMAND in part.

## I. Facts & Procedural History

Timpson pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine. The plea agreement contained an appeal waiver provision in which Timpson generally agreed to waive his right to appeal or seek collateral review of his conviction and sentence, except for collateral review of claims involving ineffective assistance of counsel or prosecutorial misconduct of a constitutional dimension.

The Presentence Investigation Report ("PSR") calculated a guidelines sentencing range of 262 to 327 months of imprisonment. It also recommended imposing "the mandatory and standard conditions of supervision adopted by the Court" as well as a special search condition. The district court adopted the PSR without change. Timpson was sentenced within the guidelines range to 300 months of imprisonment and five years of supervised release. The district court imposed "[t]he standard and mandatory conditions of supervision" and "the search condition of the Western District of Texas." It also imposed a condition for substance abuse treatment "should the experts believe that be necessary." Timpson timely appealed.

## II. Standard of Review

A defendant's constitutional right to be present at sentencing requires the district court to pronounce his sentence orally. *Diggles*, 957 F.3d at 557. Any discretionary condition of supervised release that 18 U.S.C. § 3583(d) does not require must be pronounced at sentencing. *See id.* at 559. "If the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement, a conflict exists." *United States v.*

*Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). "Where there is an actual conflict between the district court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls." *Id.* at 557.

When the defendant challenges conditions of supervised release included in the written judgment for the first time on appeal, "the standard of review depends on whether he had an opportunity to object before the district court." *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). If the defendant had an opportunity to object but failed to do so, plain error review applies. *Id.* To show plain error, the defendant must show (1) an error (2) that is clear or obvious and (3) that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 763 (1993)).

## III. Discussion

Timpson argues that the district court erred by imposing discretionary conditions of supervised release about which he had no prior notice and that were not pronounced at sentencing. He asserts that the written judgment imposed 28 conditions of supervised release, but only seven of those conditions were mandatory under § 3583(d) and only one condition was listed in the PSR. Because the remaining 20 conditions were not orally pronounced, Timpson argues that he did not receive proper notice of them. Although he acknowledges that a standing order in the Western District of Texas lists these conditions, he asserts that the district court did not refer to or adopt any standing order at sentencing and failed to confirm his review or knowledge of any such list of recommended conditions. Moreover, Timpson argues that even if he was aware of the standing orders, the substance abuse treatment condition "has not been adopted by the district." He contends

No. 19-50924

that his right to be present at sentencing was violated and that the judgment must be corrected to excise the conditions that were not pronounced.[1]

### *A. Mandatory, standard, and special search conditions*

The PSR recommended that the district court impose "the mandatory and standard conditions of supervision adopted by the Court" and a special search condition. Timpson did not object to those recommendations. The district court confirmed that Timpson had reviewed the PSR, and it then adopted the PSR. At sentencing, the district court stated that it was imposing "[t]he standard and mandatory conditions of supervision," as well as "the search condition of the Western District of Texas." The Western District of Texas has a standing order listing all of the "mandatory" and "standard" conditions of supervised release included in the written judgment.[2] A different standing order of the Western District includes the search condition as an optional special condition.[3] Because the district court informed Timpson that it was imposing these mandatory and

---

[1] Timpson also argues that the appeal waiver in his plea agreement does not bar review of his challenge to the conditions of his supervised release. He asserts that the government has expressed its intent to enforce the waiver in this case. But the government did not invoke the waiver as a bar to his claim in its appellate brief. Accordingly, the waiver provision does not bar this appeal. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) ("In the absence of the government's objection to [a defendant's] appeal based on his appeal waiver, the waiver is not binding because the government has waived the issue.").

[2] United States District Court for the Western District of Texas, *Conditions of Probation and Supervised Release*, (Amended Nov. 28, 2016) https://www.txwd.uscourts.gov/judges-information/standing-orders/ (select "District Standing Orders," then "Conditions of Probation and Supervised Release.pdf").

[3] United States District Court for the Western District of Texas, *Conditions of Supervision – Special Conditions*, https://www.txwd.uscourts.gov/judges-information/standing-orders/ (select "District Standing Orders," then "Conditions of Supervision - Special Conditions - Franklin Compliant.pdf").

standard conditions, "he had notice and an opportunity to object (or, at a minimum, to ask for more specificity about the conditions)." *United States v. Martinez*, 15 F.4th 1179, 1181 (5th Cir. 2021). Timpson failed to object, so his challenge to these conditions is subject to plain error review. *See id.*

The written judgment orders Timpson to "comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court" while on supervised release. It then lists nine "mandatory" conditions and 17 "standard" conditions. Because the judgment contains discretionary conditions that are not required under § 3583(d), oral pronouncement of those conditions was required. *See Diggles*, 957 F.3d at 556–59. The district court was not required to orally pronounce any of the "mandatory" conditions listed in the judgment that are found in § 3583(d). *See id* at 559.

As noted, the "mandatory" and "standard" conditions in Timpson's written judgment are all listed in the Western District of Texas's standing order. *See* note 2, *supra*. The PSR recommended imposing those conditions, and the district court orally adopted them. Timpson "thus had in-court notice of the conditions being imposed and ample opportunity to object." *Martinez*, 15 F.4th at 1181. In other words, "[t]here is no notice problem," so "the district court complied with *Diggles*" as to these conditions. *Id.*

The district court imposed an "additional" condition in the written judgment requiring Timpson to submit to searches of his person, property, vehicle, and electronic devices, if the probation officer reasonably suspects that Timpson has violated a condition of supervision and that evidence of the violation will be found. The PSR recommended the same special condition, which is also contained in another Western District standing order listing various optional special conditions. *See* note 3, *supra*. As explained above, the district court confirmed that Timpson had reviewed the PSR with his

counsel, and it subsequently adopted the PSR. The district court also orally imposed the "search condition of the Western District of Texas." This oral pronouncement was a sufficient "shorthand reference" to the full condition found in the PSR and the district's standing order. *Grogan*, 977 F.3d at 353. Accordingly, there is no error, much less one that is plain. *See id.* at 353–54.

### B. Substance abuse treatment condition

During the sentencing hearing, defense counsel asserted that Timpson has a drug problem, that he has never been to treatment, and that he "wants to get into a treatment program." After imposing other conditions of supervised release, the district court confirmed with Timpson that he never had the opportunity for substance abuse treatment. The district court then recommended to the Bureau of Prisons that Timpson be considered for substance abuse treatment. Next, the district court said that it would "also impose a condition of supervision [for] substance abuse treatment should the experts believe that be necessary. And we'll follow on with whatever you can get in prison." The written judgment, on the other hand, provides that Timpson "shall" participate in substance abuse treatment as a condition of supervised release. Timpson argues that this condition should be excised from the written judgment because it was neither disclosed in the PSR nor pronounced at sentencing.[4] We agree. Because the district court's oral and written sentences are inconsistent with respect to the substance abuse treatment condition, we hold that it plainly erred[5] under *Diggles*.

---

[4] Because this is the sole issue that Timpson raises with respect to this condition, we consider any other arguments to be waived. *See Atwood v. Union Carbide Corp.*, 847 F.2d 278, 280 (5th Cir. 1988); *United States v. Musa*, 45 F.3d 922, 925 (5th Cir. 1995).

[5] Plain error review applies to this claim because Timpson's own attorney proposed substance abuse treatment and failed to object when the district court imposed that condition. *See United States v. Hernandez*, No. 21-40161, 2022 WL 1224480, at *3 (5th Cir. Apr. 26, 2022) (unpublished).

No. 19-50924

Consequently, we vacate and remand this part of the district court's order so the written sentence may be conformed with the oral pronouncement. *See Diggles*, 957 F.3d at 556–57.

## IV. Conclusion

For the foregoing reasons, we VACATE and REMAND the portion of the district court's order addressing the substance abuse treatment condition. The remainder of the district court's order is AFFIRMED.