# United States Court of Appeals for the Fifth Circuit

---

No. 22-50420
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2023

Lyle W. Cayce
Clerk

United States of America,

Plaintiff—Appellee,

versus

Jody Charles Thomas,

Defendant—Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-94-1

---

Before Jolly, Higginson, and Duncan, Circuit Judges.

Per Curiam:[*]

Jody Charles Thomas was convicted following a jury trial of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine (Count 1), maintaining a drug premises (Counts 2, 4-6), maintaining a drug premises within 1,000 feet of a school (Count 3), money laundering (Count 7), bank fraud (Count 10), aggravated identity theft (Count 11),

---

[*] This opinion is not designated for publication. See 5th Cir. R. 47.5.

conspiracy to retaliate against a witness (Count 12), aiding and abetting retaliation against a witness (Count 13), and aiding and abetting the possession of a firearm in furtherance of a crime of violence (Count 14). Following this court's grant of authorization to file a successive 28 U.S.C. § 2255 motion based on *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), Thomas filed a successive § 2255 motion arguing that his conviction on Count 14 should be vacated, which the district court granted. The district court then vacated his sentence, and Thomas was ultimately resentenced to the same total sentence of 504 months and six years of supervised release.

On appeal, Thomas first argues that there is a clerical error in his written judgment as to his conviction for Count 13. Specifically, he asserts that the written judgment includes a citation to 18 U.S.C. § 371 for the Count 13 offense, while the superseding indictment charged him with aiding and abetting in the retaliation against a witness in violation of 18 U.S.C. §§ 1513(b)(2) and 2. We agree with the parties that there is a clerical error in Thomas's written judgment that may be corrected under Federal Rule of Criminal Procedure 36. *See United States v. Cooper*, 979 F.3d 1084, 1088-89 (5th Cir. 2020).

Thomas next argues that a "search" condition of his supervised release should be excised from the written judgment because the language of the condition in the written judgment was more onerous than what was pronounced at his resentencing, and he had no notice or opportunity to object. The search condition is not required by 18 U.S.C. § 3583(d) and is therefore discretionary and required pronouncement. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). At the sentencing hearing, the district court stated that it was imposing "the search condition of supervision within the Western District of Texas." The district court's reference to the search condition, which is contained in a well-known district-wide order, was sufficient to provide advance notice of the condition and to

constitute oral pronouncement. *See id.* at 561. Therefore, there is no conflict between the written and oral judgments. *See United States v. Martinez*, 15 F.4th 1179, 1181 (5th Cir. 2021)

Lastly, Thomas requests that this court consider several of the ineffective assistance of counsel claims presented in his initial § 2255 motion filed in 2012. He does not cite to any relevant circuit authority or legal standards in support of these claims and has thus abandoned these claims. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010). Further, to the extent Thomas seeks our authorization to file a successive § 2255 motion, his motion is DENIED, as his proposed successive claims are barred by 28 U.S.C. § 2244(b)(1). *See In re Bourgeois*, 902 F.3d 446, 447-48 (5th Cir. 2018) (holding that § 2255(h) incorporates § 2244(b)(1)'s strict relitigation bar).

For the foregoing reasons, we AFFIRM the judgment of the district court and REMAND the case for the limited purpose of correcting the written judgment to excise the citation to 18 U.S.C. § 371 from Count 13. *See* FED. R. CRIM. P. 36.