# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50037
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL ANTONIO CARRILLO,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-249-1

---

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Miguel Antonio Carrillo appeals the sentence imposed following the revocation of his supervised release after he failed to complete a substance abuse treatment program successfully. The district court sentenced him to 14 months of imprisonment and two more years of supervised release. The

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

written judgment provides that, as a condition of his supervised release, Carrillo shall participate in a substance abuse treatment program.

Carrillo contends that the substance abuse treatment condition in the written judgment conflicts with the district court's oral pronouncement. We review for plain error. *See United States v. Martinez*, 15 F.4th 1179, 1181 (5th Cir. 2021). Accordingly, Carrillo "must show an obvious error that impacted his substantial rights and seriously affected the fairness, integrity, or reputation of judicial proceedings." *United States v. Grogan*, 977 F.3d 348, 353 (5th Cir. 2020) (internal quotation marks and citation omitted).

Given the court's clear intent to reimpose a substance abuse treatment condition, there is at most an ambiguity that is resolved by the record. *See United States v. Porter*, 43 F.4th 467, 473 (5th Cir. 2022). Further, given the facts surrounding the revocation and the previously-imposed treatment condition, Carrillo has not shown that if there were any error, it affected his substantial rights. *See id.*

The judgment of the district court is therefore AFFIRMED.